UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 1:20-MJ-416

v.

HON. ROBERT J. JONKER

KALEB FRANKS,

    Defendant.

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S DETENTION ORDER

On October 6, 2020, the government filed a criminal complaint alleging that Defendant Franks and five others conspired to kidnap the Governor of Michigan. (ECF No. 1.) A preliminary examination and detention hearing took place on October 13, 2020 before a Magistrate Judge. (ECF No. 35.) After receiving evidence and hearing argument, the Magistrate Judge found that the government had established by clear and convincing evidence that Defendant Franks "is a danger to the community based on the nature of the instant offense and also poses safety concerns for the community or specific individuals." (ECF No. 40.) The Magistrate Judge ordered Mr. Franks detained pending trial under 18 U.S.C. § 3142(e). (*Id.*) Mr. Franks now appeals the detention decision of the Magistrate Judge. (ECF No. 57.) The Court finds neither oral argument nor a further evidentiary hearing necessary to decide the appeal. Upon de novo review, and for the following reasons, the Court concludes that detention is appropriate and finds the Magistrate Judge's decision factually sound and legally correct.

**LEGAL STANDARDS**

A person ordered detained by a Magistrate Judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court applies a *de novo* standard of review. *See United States v. Martinez*, No. 1:12-cr-210, 2012 WL 4815018 (W.D. Mich. Oct. 10, 2012); *United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996). Under 18 U.S.C. § 3142(e), "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. Sept. 20, 2004). A preponderance of the evidence standard of proof applies to the determination of whether a defendant presents a flight risk. A clear and convincing standard of proof applies to the determination of whether any "condition or combination of conditions will reasonably assure the safety of any other person and the community[.]" 18 U.S.C. § 3142(f).

In making a detention determination under 18 U.S.C. § 3142(e), the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The evidentiary record includes, without limitation, the affidavit of FBI Special Agent Richard J. Trask II in support of the criminal complaint (the "Affidavit") and the testimony and exhibits presented during the preliminary examination and Mr. Franks's detention hearing (ECF Nos. 1-1, 39, 54, 56). In her detailed bench ruling, the Magistrate Judge carefully considered the statutory factors. She found insufficient evidence to establish a risk of flight and properly focused on safety to other persons and the community. The Magistrate Judge correctly noted that the Affidavit, testimony during the preliminary examination and detention hearing, and exhibits together reflect that Mr. Franks participated in multiple discussions of a plot to kidnap Governor Whitmer; participated in multiple tactical training exercises with other alleged co-conspirators during the same time period; brought and fired a rifle with a silencer while others constructed and tested IEDs during one of the training exercises; stated affirmatively in connection with discussions of kidnapping Governor Whitmer that "I'm in for anything as long as it's well-planned"; repeatedly expressed concern about infiltration of the group by federal law enforcement; participated in nighttime surveillance of the Governor's vacation home; facilitated the assembly of two unregistered firearms intended for unlawful sale; and traveled to meet what turned out to be an undercover officer to pay for explosives and tactical gear. Upon a careful and thorough review of the evidence, the Magistrate Judge concluded that the government established by clear

and convincing evidence that Defendant presents a danger to other persons or the community. (Tr., ECF No. 56, PageID.402-408.)

In his Motion for Revocation of Bond, Mr. Franks reiterates arguments he made before the Magistrate Judge. In essence, he contends that the Magistrate Judge's finding that Mr. Franks presents a danger to the community was mistaken. His memorandum emphasizes that Mr. Franks owns a house; lives with his girlfriend and her mother; and has worked in drug and alcohol rehabilitation programs after overcoming an addiction himself. (ECF No. 57, PageID.414.) The memorandum notes that Mr. Franks has family support. (*Id.*, PageID.414-15.) Mr. Franks asserts that he lacks the tools or experience to manufacture firearms and would not have access to firearms if released on bond. (*Id.*, PageID.415.) He again emphasizes medical risks associated with Type 1 diabetes during the Covid-19 pandemic. (*Id.*) The Magistrate Judge was aware of these factors and took them into account, particularly in concluding that risk of flight was not an issue. But on balance, the Magistrate Judge still found that the entire record – even considering these factors – established the danger to the community prong by clear and convincing evidence.

The Court has conducted a *de novo* review of the complete record, including, without limitation, the criminal complaint and Affidavit; transcripts of the preliminary examination and detention hearings; the exhibits submitted during the hearings; and the parties' motion papers. Based on its independent review, the Court likewise finds that the government has established by clear and convincing evidence that the release of Mr. Franks on any set of conditions would still present a danger to other persons and the community. The Court reaches its conclusion for the same fundamental reasons as the Magistrate Judge and incorporates the findings of the Magistrate Judge on these issues.

Like the Magistrate Judge, this Court observes that in the Sixth Circuit, the "weight of the evidence factor" under Section 3142(g)(2) focuses on evidence of the defendant's dangerousness, not evidence of the crime for which a defendant is charged. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). But in a case like this one, there is inevitably overlap because the overall seriousness of the charge itself (an independent factor under Section 3142(g)(1)), and the evidence of the activity the defendant himself engaged in during the period of the alleged conspiracy provide compelling evidence of serious ongoing risk, particularly to the informants involved in the investigation whose identities are now likely clear to Mr. Franks and others in the group. Evidence presented during the separate detention hearing for Mr. Franks showing that he knew how to obtain parts for the construction of unregistered firearms and to enlist the assistance of others in the construction amplifies the potential danger. Evidence presented during the preliminary examination indicates that Mr. Franks, in particular, was worried about law enforcement penetration of the group and its communications. In addition, at least some of the people with whom this defendant associated at the time expressed willingness to harm or kill law enforcement officers or others involved in foiling their plans. The totality of the evidence presented clearly and convincingly shows that releasing Mr. Franks on any set of conditions would creates a serious risk of danger to the community, just as the Magistrate Judge determined. The government has made the showing necessary to support detention under 18 U.S.C. § 3142(e).

## CONCLUSION

For these reasons, the Court finds that detention under 18 U.S.C. § 3142(e) is appropriate.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendant's Motion for Revocation of Detention Order (ECF No. 57) is **DENIED**.

2. The Magistrate Judge's Order of Detention (ECF No. 40) is **AFFIRMED**.

Dated:   November 19, 2020            /s/ Robert J. Jonker
                                                                  ROBERT J. JONKER
                                                                  CHIEF UNITED STATES DISTRICT JUDGE